22CA1629 Peo v Kelly 11-21-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 22CA1629
Weld County District Court No. 21CR263
Honorable Marcelo A. Kopcow, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Stewart Dean Kelly,

Defendant-Appellant.

---

ORDER AFFRIMED

Division VI
Opinion by JUDGE MOULTRIE
Welling and Brown, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 21, 2024

---

Philip J. Weiser, Attorney General, Sonia Raichur Russo, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Dilyn K. Myers, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Stewart Dean Kelly, appeals the restitution order entered following his conviction upon entry of a guilty plea to one count of driving under the influence as the fourth or subsequent offense and one count of third degree assault of a peace officer. We affirm.

## I.     Background

¶ 2     On February 1, 2021, a police officer received a report of a suspicious vehicle and, based on that information, contacted Kelly in that vehicle. The officer noticed a strong odor of an unknown alcoholic beverage and asked Kelly to turn the engine off, but Kelly placed the vehicle in gear and attempted to flee. The officer reached into the vehicle to take the vehicle out of gear, but Kelly accelerated and dragged the officer several feet before the officer could free himself from the vehicle.

¶ 3     Kelly was eventually apprehended following a fifty-mile police pursuit. During their investigation, the police discovered that the vehicle had been stolen. The prosecution charged Kelly with first degree aggravated motor vehicle theft, second degree assault of a peace officer, driving under the influence – fourth or subsequent offense, vehicular eluding, obstructing a peace officer, and reckless

driving. Pursuant to a plea agreement, Kelly pleaded guilty to one count of driving under the influence – fourth or subsequent offense and to an added count of third degree assault of a peace officer, and the prosecution dismissed the other charged counts. As part of that plea agreement, Kelly admitted to causation for restitution purposes as to all counts, including the dismissed counts.

¶ 4 As relevant here, the police officer who initially contacted Kelly received medical treatment on February 1, 2021, covered by his worker's compensation carrier, the Colorado Intergovernmental Risk Sharing Agency (CIRSA). After sentencing, the prosecution timely requested $1,984.70 in restitution to cover the amount paid by CIRSA for the police officer's injuries. Kelly objected to the proposed restitution. After a restitution hearing at which a restitution specialist for CIRSA testified about the payments made for the officer's medical expenses related to the injuries he incurred during Kelly's arrest, the district court ordered Kelly to pay $1,984.70 in restitution.

## II. Discussion

¶ 5 Kelly contends that the district court erred by ordering him to pay restitution to CIRSA because the prosecution failed to present

sufficient evidence to establish that CIRSA's payments on behalf of the police officer were for injuries caused by Kelly's criminal conduct. We disagree.

### A. Standard of Review and Applicable Law

¶ 6 As pertinent here, a defendant convicted of any felony or misdemeanor offense must pay restitution to any victim who suffered any pecuniary loss that was proximately caused by the defendant's conduct. *See* §§ 18-1.3-602(3)(a), 18-1.3-603(1), C.R.S. 2024. For a defendant convicted of assault involving a peace officer, restitution includes the financial obligations of medical tests and treatment for the peace officer. § 18-1.3-602(3)(a.5).

¶ 7 The goal of the restitution statute is to make victims whole for the harms suffered as the result of a defendant's criminal conduct. *People v. Perez*, 2017 COA 52M, ¶ 13. "The prosecution bears the burden of proving, by a preponderance of the evidence, both the restitution owed and that the victim's losses were proximately caused by the defendant." *People v. Vasseur*, 2016 COA 107, ¶ 15. But the court need not have a "mini-trial on the issue of damages." *Id.* (citation omitted). The preponderance standard only requires proof that, "upon consideration of all the evidence, the existence of

3

that fact is more probable than its nonexistence." *People v. Garner*, 806 P.2d 366, 370 (Colo. 1991). And while the prosecution may choose to present testimony in support of its burden, it's not required to do so. *See People in Interest of A.V.*, 2018 COA 138M, ¶ 35 (noting that the prosecution may rely solely on documentary evidence in a restitution hearing).

¶ 8 The appropriate standard of review in restitution cases depends on the grounds asserted to challenge the restitution order. *See Martinez v. People*, 2024 CO 6M, ¶¶ 19-20; *People v. Barbre*, 2018 COA 123, ¶ 24. We review de novo sufficiency of the evidence challenges where we are asked to address whether the quantum of evidence provided to the court was substantial and sufficient to support the court's conclusion. *Martinez*, ¶ 20. But we review challenges to the court's proximate cause determination for clear error. *Id.* at ¶¶ 3, 32. That is, we must affirm the district court's proximate cause determination unless it is without record support. *Id.* at ¶ 34.

## B. Analysis

¶ 9 We note initially that it is unclear whether Kelly's challenge on appeal is a challenge to the court's determination that he

proximately caused the medical expenses that CIRSA paid on behalf of the officer, which would warrant clear error review, or whether he is challenging the quantum and quality of the evidence establishing that he owed the restitution, which would implicate a de novo standard of review.

¶ 10    We need not decide the precise nature of Kelly's appellate claim because the People assert that his claim should be reviewed under the less deferential de novo standard of review.  Applying that standard, we conclude that the evidence presented at the restitution hearing was sufficient to support the court's restitution order.

¶ 11    When reviewing the sufficiency of the evidence supporting a restitution award de novo, we evaluate "whether the evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, establishes by a preponderance of the evidence that the defendant caused that amount of loss." *Barbre*, ¶ 25; *see also People v. Stone*, 2020 COA 24, ¶ 7.

¶ 12    At the restitution hearing, CIRSA's restitution specialist testified that (1) the officer was injured on February 1, 2021, during Kelly's arrest, and she based that statement on her review of the

5

police incident report, the officer's first report of injury, and the worker's compensation claim paperwork; (2) the total amount paid to medical providers for the officer's work-related injury was $1,984.79; (3) prior to paying the claim, a worker's compensation adjuster reviewed the claim to ensure any injury occurred while the officer was working; (4) the claims adjuster would not have paid the claim unless it was related to injuries sustained during the course and scope of the officer's employment; and (5) she was confident that the claim was properly processed for the officer's on-the-job injury.

¶ 13 Further, when specifically asked how she knew that the $1,984.79 paid for the officer's medical treatment was related to the injuries he sustained during Kelly's arrest, the witness testified that "[the bills] are tied to the loss statement and description of this particular claim" and "they are bills related to that incident and that incident date." In addition, the prosecution introduced a document from the officer's worker's compensation claim listing the payments made to medical providers for treatment that the officer received which listed the date of service as the same day as Kelly's arrest.

¶ 14    The court found that CIRSA was a victim under the restitution statute and that CIRSA's restitution specialist was credible. Based on the restitution specialist's testimony that the worker's compensation claim for the officer's medical expenses was processed specifically due to the injuries that were caused to the officer by Kelly, the court concluded that the amount paid for the worker's compensation claim on behalf of the officer was proximately caused by Kelly's criminal conduct and ordered Kelly to pay $1,984.79 in restitution.

¶ 15    We note that the preponderance standard requires only that the evidence make it more probable than not that a fact is true. *See id.* CIRSA's restitution specialist testified that the payments were related to the injuries the officer sustained during Kelly's arrest. She indicated that her confidence in that statement was based on (1) her review of the police report and the officer's report of injury; and (2) that the worker's compensation claims processor would have verified that the officer's injury was work related. While it might have been better practice to have the officer testify about his injuries and how they occurred, it wasn't required, and we conclude that CIRSA's restitution specialist's testimony sufficiently

established that it was more probable than not that the amount of restitution was the result of Kelly's conduct during his arrest. Viewing the evidence in the light most favorable to the prosecution, we conclude that it is substantial and sufficient to establish by a preponderance of the evidence that the requested restitution amount covered the officer's medical expenses for injuries that occurred during Kelly's arrest.

## III.   Disposition

¶ 16    We affirm the restitution order.

JUDGE WELLING and JUDGE BROWN concur.